FILED
2011 APR -8 PM 3:00
U.S. BANKRUPTCY COURT
BRUNSWICK, GA
SAMUEL L. KAY, CLERK

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| MARVIN B. SMITH III | ) | Number 07-20244 |
| SHARON H. SMITH | ) | |
| | ) | |
| Debtors | ) | |

### REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT ON APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL OF ORDER DISMISSING MOTION TO RECONSIDER CLAIM [1]

Debtors Marvin B. Smith III and Sharon H. Smith seek to proceed in forma pauperis under 28 U.S.C. § 1915 in their appeal of my Order Dismissing Motion to Reconsider Claim of Regions

---

[1] **Procedural Note:** This report and recommendation is directed to the United States District Court for the Southern District of Georgia, because the statutory requirement of certification has not been satisfied for direct appeal to the United States Court of Appeals for the Eleventh Circuit. See 28 U.S.C. § 158(d)(2)(A); Fed. R. Bankr. P. 8001(f).

On March 28, 2011, Debtors Marvin B. Smith III and Sharon H. Smith timely filed a notice of appeal of the Order Dismissing Motion to Reconsider Claim of Regions Bank (ECF No. 448) and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 449). The Notice of Appeal specified that the appeal was being taken to the United States Court of Appeals for the Eleventh Circuit. The Clerk's office issued a Notice of Defective Appeal requiring either a Certification to Court of Appeals signed by all parties or a Request for Certification for Direct Appeal to Court of Appeals. (ECF No. 450-1.) The Smiths did not cure the deficiency, but instead filed a Reply to Notice of Defective Appeal, in which they stated their belief that certification was not required. (ECF No. 459.)

"Until the appeal is duly certified, it is handled as an appeal to the district court." In re Grau, No. 09-32460-C, 2010 WL 2232833, at *2 (Bankr. W.D. Tex. June 2, 2010). The Clerk of the Bankruptcy Court is therefore directed to treat this matter as an appeal to the District Court, including the transmission of this report and recommendation.

Bank. I recommend that the District Court deny the Smiths' application, because the appeal is not taken in good faith, there being no legal or factual issues that could be argued on the merits.

Appeals in forma pauperis are governed by 28 U.S.C. § 1915, which requires not only that the appellant be unable to pay court fees, but also that the appeal be taken in good faith, § 1915(a)(3). Here, the Application to Proceed in District Court Without Prepaying Fees or Costs, signed under penalty of perjury by both Mr. Smith and Mrs. Smith, is sufficient to establish that the Smiths are unable to pay court fees. The Smiths, however, cannot satisfy the additional requirement of good faith.

In the context of § 1915, "good faith" is judged by an objective standard and is demonstrated when an appellant seeks review of any issue that is not frivolous. Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous if is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

Here, there is no arguable merit to the Smiths' appeal, whether in law or in fact. The Motion to Reconsider Claim ("Motion") was dismissed solely because it was mooted by the creditor's unopposed withdrawal of the claim. Regions Bank was allowed to withdraw its proof of claim only after a duly noticed

hearing (ECF No. 402) at which the Smiths were present and at which no objection was interposed by the Smiths or any other party in interest. After entry of the Order allowing the withdrawal (ECF No. 431), no claim existed that could be reconsidered.

"A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." DiMaio v. Democratic Nat'l Comm., 555 F.3d 1343, 1345 (11th Cir. 2009). After the claim was withdrawn, the Motion no longer presented a live controversy with respect to which this Court could give meaningful relief. Federal courts may only hear "cases or controversies." Id. Accordingly, dismissal of the Motion was required.

There being no basis in law or fact for the Smiths to challenge the Order Dismissing Motion to Reconsider Claim, the appeal is frivolous. Thus it is not taken in good faith under 28 U.S.C. § 1915.

### RECOMMENDATION

"The pauper's affidavit should not be a broad highway into the federal courts." Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Accordingly, I respectfully recommend that the District Court deny the Smiths' application to proceed in forma

pauperis in their appeal of the Order Dismissing Motion to Reconsider Claim of Regions Bank entered on March 14, 2011.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 8 day of April, 2011.